## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYALND

|  |  |
|---|---|
| **FREDERICK D. IVERSON**<br><br>**Plaintiff,**<br><br>v.<br><br>**JAGUAR LANDROVER NORTH AMERICA, LLC**<br><br>**Defendant.** | Case No. 8:19-cv-00851-PX |

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff Frederick D. Iverson ("Plaintiff"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b) and Local Rule 105, hereby files this memorandum in opposition to the Partial Motion to Dismiss Plaintiff's Complaint filed by Defendant Jaguar Landrover North America, LLC ("Defendant").

### FACTUAL BACKGROUND

This lawsuit arises out of Plaintiff's purchase of a defective 2015 Range Rover, manufactured by Defendant. (*See* Dkt. 2: Compl. ¶¶ 19-30.) The vehicle was delivered to the original purchaser on December 10, 2015. (*See* Dkt. 2: Compl. ¶ 12.) Plaintiff timely filed this lawsuit in the Circuit Court for Prince George's County, Maryland on December 18, 2015, asserting, *inter alia*, a lemon law claim pursuant to Md. Code Ann., Comm. Law § 14-1501 *et seq.* (*See* Dkt 2: Compl.) Defendant removed the case to this court and has moved to dismiss Plaintiff's lemon law claim as time-barred. (Dkt. 8.) As demonstrated below, Defendant's motion should be denied because Plaintiff's lemon law claim was timely filed on December 10, 2018, along with the other claims in the Complaint to which Defendant does not raise a limitations defense.

## STANDARD OF REVIEW

In evaluating a motion to dismiss, the Court must accept all factual allegations in the complaint as true, draw all reasonable inferences in Plaintiff's favor, and ask whether Plaintiff has stated a plausible claim for relief. *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The plausibility standard does not "impose a probability requirement at the pleading stage"; thus, Plaintiff's case "may proceed even if it strikes a savvy judge that actual proof of [Plaintiff's claims] is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). Because a Rule 12(b)(6) motion tests the sufficiency of the complaint it "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claims are time-barred." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). In the rare circumstances where plaintiffs allege their complaint facts sufficient to rule on an affirmative defense, the defense may be reached by a motion to dismiss under Rule 12(b)(6), provided that facts necessary to the affirmative defense "clearly appear[] on the face of the complaint." *Walker-Pittman v. Maryland Dep't of Transp.*, No. Civ. CCB-14-202, 2015 WL 419806, at * 6 (D. Md. Jan. 29, 2015), *aff'd*, 671 F. App'x 873 (4th Cir. 2016) (internal quotations and citations omitted).

## ARGUMENT

Defendant's motion to dismiss should be denied because Plaintiff's lemon law claim was timely filed in state court within the three-year statute of limitations governing Plaintiff's lemon law claim. Maryland law provides that lemon law claims must be filed "within 3 years of the date of original delivery of the motor vehicle to the consumer." Md. Code Ann., Comm. Law § 14-1502(k). Under Maryland law, the "[i]n computing a period of time described in a statute, the day of the act, event or default after which the designated period of time begins to run is not included." Md. Rule 1-302(a). Moreover,

> [t]he last day of the period of time computer under subsection (a) of this section shall be included unless: (1) it is a Sunday or legal holiday, in which case the period runs

until the end of the next day that is not a Sunday or a legal holiday; or (2) the act to be done is the filing of a paper in court and the office of the clerk of the court is not open on the last day of the period of time . . . in which case the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day on which the office is not open the entire day during ordinary business hours.

Md. Rule 1-302(b).

Here, "the day of the . . . event . . . from which the designated period of time begins to run" is the delivery date of Plaintiff's vehicle, December 10, 2015. Md. Rule 1-302(a); Md. Code Ann., Comm. Law § 14-1502(k) (Maryland lemon law claims are governed by 3-year statute of limitations). Since that day is excluded from the three-year period prescribed by Md. Code Ann., Comm. Law § 14-1502(k), the actual count on the limitations period began on December 11, 2015 and ended on December 10, 2018, excluding any time tolled. As such, Plaintiff's lemon law claim was timely filed on December 10, 2018. *See, e.g., Equitable Life Assurance Soc. v. Jalowsky*, 306 Md. 257, 267, 508 A.2d 137, 142 (1986) ("Accordingly, in this case, April 16, 1981 – the date of issue – must be excluded in computing the two-year period . . . and the contestability terminated on April 16, 1983"); *Mayor of Oakland v. Mayor of Mt. Lake Park*, 392 Md. 301, 212, 896 A.2d 1036, 1042-43 (2006) ("in computing the time for the performance of an act or an event, the designated first day is excluded and the last day of the period is included") (citations omitted); *see also Levasseur v. Ekuno*, 2016 Md. App. LEXIS 809 (Feb. 2, 2016) (unpublished opinion) (applying Md. Code Ann., Cts. & Jud. Proc. § 5-101 and concluding that where cause of action accrued on November 30, 2010 had to be filed within "statutory filing deadline" of November 13, 2013, absent possibility of tolling).

And even if the last day to file was December 9, 2018—and it was not—under Md. Rule 1-203(b), the last day of the limitations period would still be December 10, 2018, for two related but independent reasons: (1) December 9, 2018 was a Sunday, and (2) because December 9, 2018 was a Sunday, the office of the Clerk of the Circuit Court for Prince George's County was not open for the filing of papers in court. *See* Md. Rule 1-203(a)(1) (if "[t]he last day of the period so computed . . . (1)

3

is a Saturday, Sunday, or holiday, . . . the period runs until the end of the next day that is not a Saturday, Sunday, or holiday"); Md. Rule 1-203(a)(2) (if "[t]he last day of the period so computed . . . (2) the act to be done is the filing of a paper in court and the office of the clerk of that court on the last day of the period is not open, . . . the period runs until the end of the next day that is not a Saturday, Sunday, holiday, or a day on which the office is not open during its regular hours"). As such, Plaintiff's lemon law claim was timely-filed on Monday, December 10, 2018, (*see* Dkt. 2: Compl. at 1), and, therefore, Defendant's motion to dismiss should be denied. *See, e.g., Howsare v. State*, 185 Md. App. 369, 970 A.2d 951 (2009) (holding that defendant's appeal filed on June 9, 2008 was timely filed "within 30 days" of May 9, 2008 denial of motion, because 30th day fell on a Sunday, which is not counted under Md. Rule 1-203(b)'s provision excluding weekends and legal holidays from calculation of last day of filing deadline).[1]

## CONCLUSION

WHEREFORE, for the reasons stated above and any other reasons apparent to the court, Plaintiff Frederick D. Iverson respectfully requests that the Court deny Defendant's Partial Motion to Dismiss.

Dated: April 12, 2019                         Respectfully submitted,

/s/ Gladys M. Weatherspoon
Gladys M. Weatherspoon (Federal Bar No. 19210)
THE LAW OFFICE OF GLADYS M.
WEATHERSPOON, LLC
6301 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
301-445-3300 – Telephone
301-576-5543 – Facsimile
gladys@weatherspoonfirm.com
*Counsel for Plaintiff Frederick D. Iverson*

---

[1] Defendant's reliance on *Mason v. Bd. of Educ. of Balt. Co.*, 375 Md. 504 (2003) is misplaced because *Mason* involved the application of the "coming of age rule" which required a minor-plaintiff to file suit on the day before her twenty-first birthday. *Id.* at 514.

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April 2019, I electronically filed the foregoing with the Court using the CM/ECF system and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

/s/ Gladys M. Weatherspoon
Gladys M. Weatherspoon