IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FREDERICK IVERSON, | * | |
|    Plaintiff, | * | |
| v. | * | Civil Action No. 8:19-cv-00851-PX |
| JAGUAR LAND ROVER NORTH AMERICA, LLC | * | |
| | * | |
|    Defendant. | | |
| | *** | |

**<u>MEMORANDUM AND ORDER</u>**

Pending before the Court is Defendant Jaguar Land Rover North America, LLC's ("Jaguar's") motion to dismiss Count One of the Complaint. ECF No. 8. The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the reasons that follow, the Court denies the motion.

This case concerns the sale of an alleged "lemon" of a vehicle. ECF No. 2 at ¶ 8. On December 10, 2015, Defendant Jaguar sold the Land Rover in question to its first owner, who then sold the vehicle to Plaintiff, Frederick Iverson ("Iverson"). *Id.* at ¶¶ 11-13. Despite numerous attempts to fix the Land Rover, the car never functioned properly. *Id.* at ¶ 19, 26–28.

On December 10, 2018, Iverson filed suit in Prince George's County Circuit Court, asserting six claims to include a violation of the Maryland Automotive Warranty Enforcement Act, Maryland's "Lemon Law." ECF No. 2 at ¶¶ 31–70 (citing Md. Code. Ann., Comm. Law. § 14-1501 *et seq.*).[1] On March 21, 2019, Jaguar noted removal to this Court and thereafter moved to dismiss only Count One, the Lemon Law count, on limitations grounds. ECF Nos. 1, 8.

Federal Courts sitting in diversity apply forum state choice of law rules. *L-3 Commc'ns*

---

[1] Iverson erroneously identifies two separate claims as Count III. ECF No. 2 at ¶¶ 31–70.

*Corp. v. Serco, Inc.*, 926 F.3d 85, 96 (4th Cir. 2019). Maryland choice of law rules treat limitations questions as "procedural" and apply the law of the forum state. *Turner v. Yamaha Motor Corp., U.S.A.*, 88 Md. App. 1, 3 (1991). Thus, Maryland law governs limitations, to include rules governing accrual of the cause of action. *See Serco, Inc.*, 926 F.3d at 96; *Brown v. Am. Broad. Co., Inc.*, 704 F.2d 1296, 1299 (4th Cir. 1983). The Lemon Law plainly states that "[a]ny action brought under this section shall be commenced within 3 years of the date of ecforiginal delivery of the motor vehicle to the consumer." Md. Code. Ann., Comm. Law § 14-1502(k).

Section 1-302(a) of the Maryland Code expressly provides that, for purposes of calculating accrual of an action, "the day of the act, event, or default after which the designated period of time begins to run may not be included." Md. Code. Ann., Gen. Prov. § 1-302. This provision further states that, when the last date of the period of time falls on a Sunday or legal holiday, the time is extended to the next consecutive day that is not a Sunday or legal holiday. *Id.* § 1-302(b)(1).

Here, Jaguar sold the Land Rover on December 10, 2015, and thus the limitations clock began to run the next day, December 11, 2015. Accordingly, Iverson had until December 10, 2015 to file the claim. Moreover, even if, as Jaguar contends, Iverson was required to file "within" the three-year period, the last day of such period would have been a day earlier, December 9, 2015. December 9 was Sunday, and so filing suit the following Monday rendered it timely nonetheless. Thus, dismissal is denied.

So ordered.

| | |
|---|---|
| 10/8/2019 | /S/ |
| Date | Paula Xinis |

United States District Judge